IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James I. Scarpo, | ) | C/A No.: 1:22-2805-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dennis Patterson, Deputy Director; Charles Williams, Warden of Perry Correctional Institution; and Brian Stirling, Director, | ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

An inmate brings claims against South Carolina Department of Corrections ("SCDC") employees, primarily claiming that he has been held in solitary confinement at Perry Correctional Institution for an extended period in violation of both SCDC's policies and his constitutional rights. James I. Scarpo ("Plaintiff"), proceeding pro se, filed this case on August 22, 2022, against SCDC Deputy Director Dennis Patterson, Warden Charles Williams, and SCDC Director Brian Stirling (collectively "Defendants").

The undersigned previously denied a motion to compel filed by Plaintiff requesting Defendants to produce complete copies of all 34 restricted SCDC "investigations and intelligence" policies [ECF No. 43], in that Plaintiff's request was overly broad, requested information that was not relevant to any

1

party's claim or defense, sought information not proportional to the litigation, and may have presented safety or security issues. [ECF No. 55].

Currently before the court is Plaintiff's motion to alter or amend the judgment regarding the denial of his motion to compel. [ECF No. 65].[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings.

In his motion, Plaintiff agrees that his "request for all 34 policies is broad," and seeks to "change that request to state a copy of SCDC's most recent and up to date office of investigations and intelligence policy," further arguing that any sensitive information can be redacted as needed. [ECF No. 65 at 3]. As explained by Plaintiff, his

> whole complaint and case is based around the fact that he has been . . . against his will in RHU (more commonly known as solitary confinement) with no charges and being punished and not told anything other than he is under investigation and those investigations do not have a specific time frame in which it must be conducted in and that he must remain in RHU the entire time of the investigation.

*Id.* at 2–3. Defendants argue in response that they "again assert that these policies go into detail concerning how investigations are conducted and over other sensitive information." [ECF No. 67].

---

[1] Also pending before the court, but not yet ripe, is Defendants' motion for summary judgment. [ECF No. 68].

As has been noted by this court, "[t]he failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." *Butler v. Bessinger*, C/A No. 4:16-3662-RMG-TER, 2018 WL 387999, at *2 (D.S.C. Jan. 11, 2018) (citing *Johnson v. S.C. Dep't of Corrections*, C/A No. 3:06-2062-CMC-JRM, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007, *United States v. Caceres*, 440 U.S. 741 (1978)); *see also Addison v. Catoe*, C/A No. 1:16-1137-HMH-SVH, 2016 WL 4079981, at *1 (D.S.C. Aug. 1, 2016) ("Assuming, *arguendo*, that Defendants violated SCDC policy, Plaintiff must still show that Defendants violated his constitutional rights."); *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights that the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

This court has repeatedly denied motions to compel production of SCDC restricted policies to inmates, where those policies, as here, are unrelated to the use of force.[2] *See, e.g., Addison*, 2016 WL 4079981, at *1; *Dawson v. Bush*, C/A No. 4:13-2236-DCN-TER, 2014 WL 3349835, at *3

---

[2] As stated by the Fourth Circuit, "relevant use-of-force policies routinely are considered in excessive-force litigation, including litigation that arises in the prison context." *Brooks v. Johnson*, 924 F.3d 104, 122 (4th Cir. 2019).

3

(D.S.C. July 9, 2014) ("Plaintiff fails to make a showing of any need in this case for such policies that would outweigh the security interests of the SCDC institution."); *Brown v. Eagleton*, C/A No. 4:14-CV-0357-BHH-TER, 2015 WL 5781376, at *5–6 (D.S.C. Mar. 30, 2015), report and recommendation adopted, C/A No. 4:14--0357-BHH, 2015 WL 5781504 (D.S.C. Sept. 30, 2015); *Goins v. Pearson*, C/A No. 4:12-CV-3494-RMG, 2014 WL 869469, at *2 (D.S.C. Mar. 5, 2014); *but see Goins v. Horne*, C/A No. 4:13-1269-RMG-TER, 2014 WL 2988378, at *2 (D.S.C. July 2, 2014).

Here, based on the arguments and the record before the court, the burden of the discovery sought would outweigh the benefits. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Accordingly, Plaintiff's motion is denied. [ECF No. 65].

IT IS SO ORDERED.

February 16, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge