IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James I. Scarpo, | ) | Civil Action No. 1:22-cv-2805-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order Adopting [76] Report and** |
| | ) | **Recommendation** |
| Bryan Stirling, Dennis Patterson, and | ) | |
| Charles Williams, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Report and Recommendation of Magistrate Judge Shiva V. Hodges (Report). [ECF No. 76.]

Plaintiff, proceeding pro se, filed his complaint on August 22, 2022, alleging violations of his Eight Amendment right to be free from cruel and unusual punishment. [ECF No. 1 at 4.] Defendants moved for summary judgment. [ECF No. 68.] The magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion and the need for him to file an adequate response by March 16, 2023. [ECF No. 69.] Plaintiff failed to respond to the motion.

On March 20, 2023, the magistrate judge ordered Plaintiff to advise the court whether he wished to continue with his case by April 3, 2023. [ECF No. 73.] Again, Plaintiff did not respond. The magistrate judge entered her Report on April 7, 2023, recommending that this case be dismissed for failure to prosecute. [ECF No. 76 at 2.] Attached to the Report was a Notice of Right to File Objections, which advised Plaintiff that he could file specific written objection to the Report within fourteen days of the date of service. *Id*. at 3. Objections were due April 21, 2023. Another seven weeks have passed since the deadline, and Plaintiff has not filed objections or otherwise made any appearance in this case.

1

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1). In the absence of objections, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

The district court has authority under Rule 41(b), Fed. R. Civ. P., to dismiss a case with prejudice, on its own motion, for failure to prosecute. *See Davis v. Williams*, 558 F.2d 69, 70. (4th Cir. 1978). After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error, adopts the Report, ECF No. 76, and incorporates the Report by reference.  Accordingly, this case is **DISMISSED with prejudice.** Additionally, Defendant's Motion for Summary Judgment, ECF No. 68, is **DENIED** as moot.

**IT IS SO ORDERED**.

June 12, 2023
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge